**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Civil No. 24-99 |
| | ) | |
| STORM  MABRY | ) | |

**Memorandum Opinion and Orders on Pretrial Discovery Motions**

Presently before the Court are Defendant Storm Mabry's Motion to Preserve Law

Enforcement's Rough Notes (ECF No. 33) and Motion to Produce Notice of Evidence that the

Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 34).  The

government has filed a Response to the Motions, and they are ripe for resolution.  ECF No. 37.

**I.       Motion to Preserve Law Enforcement's Rough Notes (ECF No. 33)**

Mr. Mabry requests that the Court order all involved federal, state, and local law

enforcement, who participated in the investigation, arrest, and questioning of Mr. Mabry, to

retain and preserve all rough notes and writings, which are arguably producible to the defense

under applicable law.  The government states that it has no objection to an order, requiring law

enforcement to retain their rough notes and writings, to the extent that such exist.

Accordingly, pursuant to *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994), *United*

*States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), and *United States v. Vella*, 562 F.2d 275 (1977),

the defense Motion is GRANTED.  The government is ordered to direct all involved federal,

state, and local law enforcement, who participated in the investigation, arrest, and questioning  of

Mr. Mabry, to retain and preserve all rough notes and writings, which are arguably producible to

the defense under applicable law.

## II. Motion to Produce Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 34)

Mr. Mabry seeks to compel the government to provide him with a statement, containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct that the government will attempt to prove at trial. In addition, he requests that the government provide notice of offenses, which the government would like to use to impeach him. Mr. Mabry requests that the government disclose such materials thirty days prior to trial.

Rule 609 is titled, "Impeachment by Evidence of a Criminal Conviction," and concerns "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609. Federal Rule of Evidence 404(b) is titled, "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and directs the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

**(C)**  do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  The United States Court of Appeals for the Third Circuit requires that Rule 404(b) evidence may only be introduced at trial if the government "can demonstrate its admissibility." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017).  Admissibility of "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 240 (3d Cir. 2010).

What constitutes "reasonable notice" of such material, depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).  There is also precedent for ordering disclosure of such evidence thirty days in advance of trial, when the circumstances and complexity of the case require such earlier disclosure. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021)[1].  Thus, determination of when disclosure should occur, will depend upon "the circumstances and complexity of the prosecution." *Johnson*, 218 F. Supp. 3d at 462).

---

[1] In *Coles*, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021).

Here, the government has not yet identified the prior bad acts it might want to present at trial.  The government also suggests a disclosure date of fourteen days prior to trial, rather than thirty days as requested by the defense.  In light of the relatively non-complex nature of the present case, two weeks appears to be sufficiently in advance of trial for the defense to make effective use of the material and to request an evidentiary hearing prior to trial, if necessary.

While the defense refers to holding any necessary evidentiary hearings prior to trial, the government appears to oppose any pretrial hearing, citing the need for trial context and possible shifting strategies.  Gov. Resp. 3 (ECF No. 37).   Thus, the government requests that any such hearing be postponed until trial.  In such event, trial may come to a halt, for an undetermined time, while such hearing is conducted.  Jurors could be left waiting until the hearing is resolved. In relation to the timing of an evidentiary hearing, until such time as the Rule 404(b) and Rule 609 evidence is identified, it is premature to determine the appropriate time, at which to conduct the hearing.

Accordingly, Mr. Mabry's Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609  (ECF No. 40) is GRANTED to the extent that the government must disclose such material fourteen days prior to trial, otherwise the Motion is DENIED.

Dated: <u>February 14, 2024</u>

Marilyn J. Horan
United States District Court Judge

4